In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Hempstead Avenue (Hempstead and Jamaica Plank Road), etc., in the Borough of Queens, City of New York, etc. THE CITY OF NEW YORK, Appellant; RED SEAL BUILDING CO., INC., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application and Petition of THE CITY OF NEW YORK to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, etc., for the Sanitary Protection of the Water Supply of the City of New York. THE CITY OF NEW YORK, Appellant; SARAH PERCY and EMELIE MAILLOT, Respondents.— Motion for reargument denied. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application and Petition of THE CITY OF NEW YORK to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, etc. THE CITY OF NEW YORK, Appellant; KENNETH B. TROUSDELL, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of ALEXANDER DOLINS.— Motion granted, the petitioner reinstated and his name ordered restored to the roll of attorneys. Present — Lazansky, P. J., Young, Scudder and Tompkins, JJ.; Carswell, J., not voting.

In the Matter of the Estate of SAM MINDLIN, Deceased. MAX MINDLIN and CHARLES S. MINDLIN, Appellants; ESTHER MINDLIN, as Administratrix, etc., of SAM MINDLIN, Deceased, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of LOUIS ROTHBARD.— Motion granted, petitioner reinstated and his name ordered restored to the roll of attorneys. Petitioner bore an excellent reputation for integrity and fair dealing while he was practicing the law. He was regarded highly by bench and bar. Even his adversaries, with whom he came into frequent contact in the courts, speak of his professional worth in the highest terms. No complaint was ever heard with reference to his activities at the bar. In his relations with his clients he was fair and just. He had discontinued the solicitation of cases before the beginning of the investigation ordered by this court. For nearly four years he has been restrained from practicing his profession, and during that period he has conducted himself in an exemplary manner and has in nowise, directly or indirectly, engaged in the practice of the law. He has earnestly but vainly endeavored to attach himself to a vocation which would enable him to sustain himself and his family. In his efforts, he had lost considerable capital. It seems that in these times of serious economic depression one who had theretofore devoted himself exclusively to the law finds it almost impossible to make a living otherwise. In light of his fine reputation, his obedience to the order of the court, and the serious difficulties and obstacles confronting his endeavor to sustain himself and his family, and since the Bar Association affirmatively asserts it does not oppose the application, the petitioner has adequately paid the penalty of his one short-